# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 1:25CR 348 -1 |
| | : |
| v. | : |
| | : |
| PROSPECT HEALTH SOLUTIONS, INC. | : PLEA AGREEMENT |

NOW COME the United States of America, by and through Clifton T. Barrett, United States Attorney for the Middle District of North Carolina, and the defendant, PROSPECT HEALTH SOLUTIONS, INC., through its corporate representative, Chaudhry Shabbir Ahmed, and its attorney, Tom D. Clarkson, and state as follows:

1.      The defendant, PROSPECT HEALTH SOLUTIONS, INC., is presently charged in a Bill of Information in case number 1:25CR 348 , which charges it with a violation of Title 18, United States Code, Section 1347, health care fraud.

2.      The defendant, PROSPECT HEALTH SOLUTIONS, INC., will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to it by its attorney.

a. The defendant, PROSPECT HEALTH SOLUTIONS, INC., understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for the Information herein is not less than one, nor more than five years of probation, pursuant to Title 18, United States Code, Section 3561(c)(1), and a fine of $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3). If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, PROSPECT HEALTH SOLUTIONS, INC., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, PROSPECT HEALTH SOLUTIONS, INC., also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to the Information herein, make restitution to any victim of the offense to which it is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

c. The defendant, PROSPECT HEALTH SOLUTIONS, INC., further understands that the sentence to be imposed upon it is within the

2

discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to the Information herein, the defendant, PROSPECT HEALTH SOLUTIONS, INC., knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, PROSPECT HEALTH SOLUTIONS, INC., is going to plead guilty to the Information herein because it is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

3

a. The defendant, PROSPECT HEALTH SOLUTIONS, INC., further agrees to pay restitution, as determined by the Court, to any victims harmed by the defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

b. The defendant, PROSPECT HEALTH SOLUTIONS, INC., entirely waives its right to collaterally attack its conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, PROSPECT HEALTH SOLUTIONS, INC., may collaterally attack its conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of its guilty plea.

c. The defendant, PROSPECT HEALTH SOLUTIONS, INC., entirely waives its right to a direct appeal of its conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, PROSPECT HEALTH SOLUTIONS, INC., may file a direct appeal of its

4

sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

d.     The defendant, PROSPECT HEALTH SOLUTIONS, INC., waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

e.     Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, PROSPECT HEALTH SOLUTIONS, INC., knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, PROSPECT HEALTH SOLUTIONS, INC., pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

f.     It is agreed that the defendant, PROSPECT HEALTH

SOLUTIONS, INC., will waive in open court prosecution by Indictment and consent to be charged in an Information.

6. With regard to forfeiture, the United States and the defendant, PROSPECT HEALTH SOLUTIONS, INC., agree as follows:

a. The defendant, PROSPECT HEALTH SOLUTIONS, INC., knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to, or obtained directly or indirectly as a result of, the offense to which the defendant is pleading guilty, including but not limited to the following:

1. $9,503,246.37 seized from the JPMorgan Chase Bank account ending in 5016, in the name of Prospect Health Solutions Inc.

The defendant acknowledges that its interest in the foregoing property is subject to forfeiture based on the offense to which the defendant is pleading guilty.

b. The defendant agrees to identify all assets over which it exercises or exercised control, directly or indirectly, within the past six years, or in which it has or had during that time any financial interest.

6

c.	The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer its interests in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

d.	The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant withdraws any claim submitted in a previous administrative forfeiture and waives all timing requirements applicable to the administrative forfeiture process, including but not limited to the deadline for sending notice of administrative forfeiture. The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the

7

court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. The defendant consents and agrees that a preliminary forfeiture order entered prior to sentencing becomes final as to the defendant when entered, pursuant to Rule 32.2(4)(A).

e. The defendant knowingly and voluntarily waives its right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

f. The defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

g. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive it, notwithstanding the abatement of any underlying criminal conviction after the execution of this

8

agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

7. The defendant, PROSPECT HEALTH SOLUTIONS, INC., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, PROSPECT HEALTH SOLUTIONS, INC., agrees that its debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in its payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, PROSPECT HEALTH SOLUTIONS, INC., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9

10. The defendant, PROSPECT HEALTH SOLUTIONS, INC., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $400 for each offense to which it is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 1st day of October, 2025.

CLIFTON T. BARRETT
United States Attorney

John T. TOM D. CLARKSON
Attorney for Defendant

_Ashley E. Waid_

ASHLEY E. WAID
NCSB #52441
Assistant United States Attorney
101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401
336/333-5351

PROSPECT HEALTH
SOLUTIONS, INC.
Defendant

_Ashley Waid for_

REBECCA A. MAYER
TXSB #24092376
Assistant United States Attorney
101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401
336/333-5351

KDP

11